1

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)

2
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520

3
San Francisco, CA 94108

4
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

5
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

6

7
Attorneys for Defendants
Clay Robinson and Ropaar LLC

8

9

10

11

12

13
**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

14

15
**KRYPT, INC.**, a California corporation,

16
            Plaintiff,

17
    v.

18
**ROPAAR LLC**, a Texas limited liability

19
corporation, and **CLAY ROBINSON**, an
individual,

20

21
            Defendants.

22

23

24

25

26

27

28

Case No. 5:19-cv-03226-BLF

**DEFENDANT CLAY ROBINSON'S
NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED. RULE
CIV. PROC. 12(b)(6); MEMORANDUM
OF POINTS AND AUTHORITIES**

Time:    9:00 a.m.
Date:    January 23, 2020
Before:  The Hon. Beth Labson
         Freeman
Ctrm:    3 – 5th Floor

**DEFENDANT ROBINSON'S MOTION TO
DISMISS**

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2  **PLEASE TAKE NOTICE** that on Thursday, January 23, 2020, at 9:00 a.m., or as

3  soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 3 – 5th

4  Floor, located at the Robert F. Peckham Federal Building & United States Courthouse, 280

5  South 1st Street, San Jose, CA 95113, Defendant Clay Robinson will and hereby does

6  move this Court to dismiss Plaintiff Krypt, Inc.'s Complaint pursuant to Federal Rule of Civil

7  Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

8  The Court should grant Robinson's motion as to Plaintiff's First and Second Causes

9  of action for violating the Federal Defend Trade Secrets Act, 18 U.S.C. §1836, *et seq.* and

10  the California Uniform Trade Secret Act, Civ. Code §3426, *et seq.* because Plaintiff has

11  not alleged that Robinson improperly acquired, used, or disclosed Plaintiff's purported

12  trade secrets. The Court should grant Robinson's motion as to Plaintiff's Third Cause of

13  Action for breach of contract because Plaintiff has not alleged that it was damaged by the

14  alleged breach.

15  This motion is based on this notice of motion and motion, the supporting

16  memorandum of points and authorities, the pleadings and other papers on file in this action,

17  and any other evidence that may be offered at a hearing if necessary.

18

19  Respectfully Submitted,

20  DATED: September 20, 2019                    **KRONENBERGER ROSENFELD, LLP**

21

22  By:  ___s/ Karl S. Kronenberger_____
        Karl S. Kronenberger

23

24  Attorneys for Defendants Clay Robinson
    and Ropaar LLC

25

26

27

28

**KRONENBERGER ROSENFELD**
150 Post Street, Suite 520 San Francisco, CA 94108

## MEMORANDUM OF POINTS AND AUTHORITIES

### SUMMARY OF THE ARGUMENT

Defendant Clay Robinson moves to dismiss Plaintiff Krypt, Inc.'s First, Second, and Third Causes of Action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. In its Complaint, Krypt alleges that its former employee, Clay Robinson, misappropriated Krypt's trade secrets and breached his contracts with Krypt when he began a new job with Krypt's competitor. Krypt's claims fail for the following reasons:

- Krypt's Claim for Improper Acquisition of Trade Secrets: Krypt voluntarily disclosed its purported trade secrets to Robinson. When an employer voluntarily discloses its trade secrets to an employee, that employee has not acquired those trade secrets by improper means in violation of the "acquisition" prong of the Federal Defend Trade Secrets Act 18 U.S.C. §1831, *et seq.* ("DTSA") or the California Uniform Trade Secrets Act, Civ. Code §3426, *et seq.* ("CUTSA").

- Krypt's Claim for Use or Disclosure of Trade Secrets: Krypt has not alleged that Robinson used or disclosed Krypt's purported trade secrets as necessary to state a claim under the "use" or "disclosure" prongs of DTSA or CUTSA.

- Krypt's Claim for Breach of Contract: Krypt has not stated a claim for breach of contract against Robinson where it has not alleged any cognizable damage—a necessary element for any breach of contract claim. Krypt has only alleged that it was damaged because it lost the exclusive possession of its purported trade secrets. However, Krypt voluntarily disclosed its purported trade secrets to Robinson, and as Judge Alsup explained, an employee is not "supposed to get a frontal lobotomy before they go on to the next job." *Waymo LLC v. Uber Techs., Inc. et al.*, Case No. 3:17-cv-00939 (N.D. Cal. 2017).

Because Krypt has not alleged a viable claim for misappropriation of trade secrets or breach of contract, the Court should dismiss all of Krypt's claims against Robinson. And because Krypt cannot cure its deficiencies by amendment, the Court should dismiss the claims with prejudice.

1

**DEFENDANT ROBINSON'S MOTION TO DISMISS**

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**FACTUAL BACKGROUND**

In its Complaint, Krypt alleges the following facts. Robinson worked as a Professional Services Consultant at Krypt from May 1, 2016 through February 12, 2019. (Compl. ¶32, Ex. A.) In this role, Robinson aided in the analysis, design, configuration, and testing of ERP Applications. (Compl. ¶32.) When Robinson started his employment with Krypt, he signed an Offer Letter and a Confidential Information and Invention Assignment Agreement ("CIIAA"). (Compl. ¶33, Exs. A–B.) Thereafter, Krypt entrusted Robinson with access to all of Krypt's "Confidential Information," as defined in the CIIAA. (Compl. ¶38, Ex. B.)

On January 29, 2019, Robinson gave notice of his resignation to Krypt, with his last day of employment to be on February 12, 2019. (Compl. ¶¶43–44.) Krypt alleges that Robinson then began his new employment with Defendant RoPaar LLC ("RoPaar") while he was still employed by Krypt. (Compl. ¶81.) Krypt also alleges that between January 29, 2019 and February 12, 2019, Robinson accessed files containing Krypt's Confidential Information and uploaded those files to cloud-based or external media, which may have included DropBox, OneDrive, and a USB flash drive. (Compl. ¶¶52, 54.)

On February 12, 2019 (the last day of Robinson's employment with Krypt), Robinson signed a Termination Certification. (Compl. ¶44, Ex. C.) In the Termination Certification, Robinson stated that he did not possess any devices, records, or other materials belonging to Krypt. (Compl. ¶44, Ex. C.)

Krypt alleges that in engaging in the above-described conduct, Robinson misappropriated Krypt's trade secrets and breached the Offer Letter and the CIIAA. (Compl. ¶¶63, 72, 78, 81.) Krypt further alleges that as a result of Robinson's alleged breaches, Krypt lost "the exclusive use and possession of its confidential and proprietary information," and suffered losses in its contractual relationships with its customers (Compl. ¶¶82–83.)

//

//

2

**DEFENDANT ROBINSON'S MOTION TO DISMISS**

1

**ARGUMENT**

2

**A.    Legal Standard**

3      To survive a motion to dismiss, a complaint must contain sufficient well-pleaded,

4   nonconclusory factual allegations, which when accepted as true, state a plausible claim for

5   relief. *See Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019). A complaint

6   must contain enough factual matter to indicate plausible grounds for relief, and not merely

7   conceivable ones. *See Banks v. N. Tr. Corp.*, 929 F.3d 1046, 1055–56 (9th Cir. 2019).

8   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

9   statements, do not suffice." *Bain v. California Teachers Ass'n*, 891 F.3d 1206, 1211 (9th

10  Cir. 2018). For the reasons set forth below, Plaintiff has not stated a plausible claim for

11  relief against Robinson.

12

**B.    Krypt has not alleged that Robinson misappropriated any trade secrets.**

13     Both DTSA and CUTSA authorize the owner of a trade secret to bring a civil claim

14  for damages and injunctive relief against one who has misappropriated the owner's trade

15  secrets. *See* 18 U.S.C. 1836(b)(1); Civ. Code §§3426.2, 3426.3. DTSA defines

16  "misappropriation" as:

17     **(A)** acquisition of a trade secret of another by a person who knows or has
       reason to know that the trade secret was acquired by improper means; or

18     **(B)** disclosure or use of a trade secret of another without express or implied
       consent by a person who--

19

20     **(i)** used improper means to acquire knowledge of the trade secret;

21     **(ii)** at the time of disclosure or use, knew or had reason to know that the
       knowledge of the trade secret was--

22     **(I)** derived from or through a person who had used improper means to
       acquire the trade secret;

23

24     **(II)** acquired under circumstances giving rise to a duty to maintain the
       secrecy of the trade secret or limit the use of the trade secret; or

25     **(III)** derived from or through a person who owed a duty to the person
       seeking relief to maintain the secrecy of the trade secret or limit the use of

26     the trade secret; or

27     **(iii)** before a material change of the position of the person, knew or had
       reason to know that--

28     **(I)** the trade secret was a trade secret; and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**(II)** knowledge of the trade secret had been acquired by accident or mistake; 18 U.S.C. §1839(5). CUTSA's definition of "misappropriation" is nearly identical to DTSA's definition, with only non-substantive differences. *See* Civ. Code §3426.1(b). Thus, both DTSA and CUTSA make it unlawful to improperly acquire, disclose, or use another's trade secret.

Where an employer voluntarily discloses a trade secret to an employee, that employee has not acquired that trade secret by improper means. *See JustMed, Inc. v. Byce*, 600 F.3d 1118, 1129 (9th Cir. 2010). This is true regardless of how the employee subsequently retains that trade secret information. *See id.* at n.8. Actions such as copying trade secret information, deleting the information, and failing to turn it over to an employer do not amount to an acquisition of trade secrets by improper means. *See id*. Here, Krypt concedes that it voluntarily disclosed its purported trade secrets to Robinson in the ordinary course of business (Compl. ¶38.) Thus, Krypt has not alleged that Robinson acquired Krypt's purported trade secrets by improper means.

Because Robinson did not acquire Krypt's purported trade secrets by improper means, Krypt can only state a misappropriation claim against Robinson if it can allege that Robinson used or disclosed Krypt's trade secrets. Krypt cannot and has not made such an allegation (nor could it). "The term 'use' in the context of misappropriation of a trade secret generally contemplates some type of use that reduces the value of the trade secret to the trade secret owner." *JustMed, Inc.*, 600 F.3d at 1130. "Merely copying trade secret information … does not constitute 'use' under section 3426.1(b)(2), because copying does not affect the value of the trade secrets or otherwise enrich [the defendant]." *PEO Experts CA, Inc. v. Engstrom*, No. 217CV00318KJMCKD, 2017 WL 4181130, at *8 (E.D. Cal. Sept. 21, 2017). Rather, to establish "use," the plaintiff must allege that the defendant received some sort of unfair trade advantage, i.e. that the defendant actually put the trade secret to some commercial use. *See JustMed, Inc*. 600 F.3d at 1130. Because Krypt has only alleged that Robinson retained and copied the trade secret information that Krypt voluntarily provided to Robinson, Krypt has not alleged that Robinson "used" Krypt's

4

**DEFENDANT ROBINSON'S MOTION TO DISMISS**

1   purported trade secrets.

2          Finally, Krypt has not alleged—and cannot allege—that Robinson disclosed its

3   purported trade secrets. The mere possession of trade secret information and movement

4   to a competitor employer does not amount to an improper disclosure. California has

5   rejected the "inevitable disclosure doctrine," under which a plaintiff would have a claim for

6   trade secret misappropriation where a former employee's new employment would

7   inevitably lead her/him to rely on the plaintiff's trade secrets. *See Whyte v. Schlage Lock*

8   *Co.*, 101 Cal. App. 4th 1443, *passim* (2002) (finding the inevitable disclosure doctrine

9   creates a de facto covenant not to compete and runs counter to the strong public policy

10  favoring employee mobility); *see also UCAR Tech. (USA) Inc. v. Yan Li*, No. 5:17-CV-

11  01704-EJD, 2017 WL 6405620, at *3 (N.D. Cal. Dec. 15, 2017), *on reconsideration,* No.

12  5:17-CV-01704-EJD, 2018 WL 2555429 (N.D. Cal. June 4, 2018) (prohibiting inevitable

13  disclosure doctrine to claims under DTSA). Simply put, the Complaint does not allege that

14  Robinson disclosed Krypt's purported trade secrets to any third party.

15         In summary, Krypt has not alleged that Robinson improperly acquired, used, or

16  disclosed Krypt's trade secrets. Thus, the Court should dismiss Krypt's First and Second

17  Causes of Action for violations of DTSA and CUTSA.

18  **C.     Krypt has not alleged that a breach of contract caused it any damages.**

19         To state a claim for breach of contract, the plaintiff must allege the following

20  elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance*,* (3)

21  defendant's breach, and (4) the resulting damages to plaintiff. *See Durell v. Sharp*

22  *Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010). The damage element of a breach of

23  contract claim parallels the type of concrete, non-speculative injury that must be pled in

24  order to adequately allege injury in fact under Article III. *See Claridge v. RockYou, Inc.*,

25  785 F. Supp. 2d 855, 864–65 (N.D. Cal. 2011). Thus, to be actionable, the alleged harm

26  from a breach of contract must constitute more than speculative harm or the threat of future

27  harm. *See id.*

28         Further, in California, every contract that restrains another from engaging in a lawful

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    profession, trade, or business is to that extent void. *See* Bus. & Prof. Code §16600. Thus,

2    section 16600 generally prohibits covenants not to compete. *See Whyte*, 101 Cal. App. 4th

3    at 1462. And in rejecting the inevitable disclosure doctrine, California courts have

4    recognized that the doctrine would create a de facto covenant not to compete in violation

5    of section 16600. *See id.*

6         Here, Krypt alleges two types of harms it has suffered from Robinson's supposed

7    breaches. However, neither of these harms is a concrete, non-speculative injury. First,

8    Krypt claims that it has been damaged "in the loss of exclusive use and possession of its

9    confidential and proprietary information." (Compl. ¶82.) However, Krypt voluntarily

10   disclosed its trade secrets to Robinson. And Krypt has not alleged that Robinson has used

11   or disclosed those trade secrets to any third party. Thus, Krypt is claiming that it has been

12   damaged by the fact that a former employee with lawful knowledge of Krypt's purported

13   trade secrets obtained new employment. This is not a concrete, non-speculative harm for

14   which recovery is permissible. Rather, Krypt's claimed damage is an impermissible attempt

15   to use the inevitable disclosure doctrine to sidestep §16600's prohibition against contracts

16   that restrain the movement of employees.

17        Second, Krypt claims that it has suffered "substantial losses in the contractual

18   relationships with its customers." (Compl. ¶83.) Krypt seems to imply that Robinson used

19   Krypt's trade secrets to contact Krypt's customers and to interfere in the contractual

20   relationships between Krypt and its customers. However, the Complaint contains no

21   allegations that Robinson has contacted any Krypt customer since he ended his

22   employment with Krypt.

23        In summary, Krypt has not alleged any concrete, non-speculative damage that

24   would support its breach of contract claim.

25   //

26   //

27   //

28   //

Kronenberger Rosenfeld
150 Post Street, Suite 520 San Francisco, CA 94108

**CONCLUSION**

For the reasons set forth above, the Court should dismiss all of Krypt's claims against Robinson without leave to amend pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

DATED: September 20, 2019                    **KRONENBERGER ROSENFELD, LLP**

By: ___s/ Karl S. Kronenberger_____
Karl S. Kronenberger

Attorneys for Defendants Clay Robinson and Ropaar LLC