1  [*Counsel listed on next page*]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **KRYPT, INC.,** a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**ROPAAR LLC,** a Texas limited liability corporation, **CLAY ROBINSON,** an individual,<br><br>Defendants. | Case Number: 5:19-cv-03226-BLF<br><br>Honorable Beth Labson Freeman<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:       December 5, 2019<br>Time:      11:00 a.m.<br>Courtroom: 3, 5th Floor |



Joint Case Management Statement                                          Case No. 5:19-cv-03226-BLF

HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
KRISTA L. BAUGHMAN (SBN: 264600)
kbaughman@dhillonlaw.com
MICHAEL R. FLEMING (SBN: 322356)
mfleming@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff Krypt, Inc.

KARL S. KRONENBERGER (SBN: 226112)
karl@KRInternetLaw.com
JEFFREY M. ROSENFELD (SBN: 222187)
jeff@KRInternetlLaw.com
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendant Ropaar LLC and Clay Robinson

DARIN M. KLEMCHUK (*pro hac vice*)
Darin.Klemchuk@klemchuk.com
BRIAN CASPER (*pro hac vice*)
Brian.casper@klemchuk.com
MANDI PHILLIPS (*pro hac vice*)
Mandi.phillips@klemchuk.com
KLEMCHUK LLP
8150 N. Central Expressway, 10th Floor
Dallas, TX 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

Attorneys for Defendant Ropaar LLC



Joint Case Management Statement

1

Case No. 5:19-cv-03226-BLF

Pursuant to this Court's Case Management Orders (Dkt. #4, 22) and the Standing Order for All Judges of the Northern District of California Re Contents of Joint Case Management Statement, Plaintiff Krypt, Inc. ("Krypt" or "Plaintiff") and Defendants Ropaar LLC ("Ropaar") and Clay Robinson ("Robinson") (Ropaar and Robinson collectively, "Defendants") (all parties collectively, "Parties"), by and through their respective counsel of record, submit this Joint Case Management Statement:

1. **Jurisdiction and Service:** This action was filed on June 7, 2019, based on federal question jurisdiction under 18 U.S.C. § 1836, in relation to Defendants' alleged misappropriation of Plaintiff's trade secrets and other confidential and proprietary materials, and based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the related state law claims. Both Defendants have been served.

Defendant Ropaar contests personal jurisdiction via a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(2) (Dkt. #15), which is scheduled to be heard on the same day as the Initial Case Management Conference. Defendant Robinson has not contested jurisdiction.

2. **Facts:**

*Plaintiff's Statement*:

Plaintiff Krypt brings this lawsuit to remedy the theft and misappropriation of its trade secrets and other confidential and proprietary materials ("Confidential Information") by Defendants, and to address breaches of its contracts by its former employee, Defendant Robinson. Krypt is a leading global business and systems consulting firm which provides System Applications Product ("SAP") solutions for companies. Complaint, Dkt. 1, ¶2. Ropaar, a competitor of Krypt, has a long-standing and ongoing practice of poaching high-level Krypt employees who had access to Krypt's Confidential Information during their employment. Dkt. 1, ¶¶ 4, 28.

In early 2019, Robinson, a then-employee of Krypt, abruptly resigned on the pretext of an alleged family health issue and an assertion that he was leaving the industry entirely. Dkt. 1, ¶43. Several months later, Krypt learned that Robinson had, in fact, joined Ropaar. Dkt. 1, ¶48. Given the suspicious circumstances of Robinson's departure, Krypt retained a third party forensic specialist to examine Robinson's laptop, which uncovered substantial evidence indicating that Robinson had

1  misappropriated Krypt's Confidential Information and had shared it with Ropaar. Dkt. 1, ¶¶ 49-54.
2  For example, Krypt learned that in the final days of his employment with Krypt, Robinson accessed
3  and uploaded a number of Krypt files containing Confidential Information to non-Krypt cloud
4  accounts and potentially to an external hard drive, and that Robinson also used his Krypt-issued laptop
5  to log into and access his Ropaar email mere days before his last day of employment with Krypt. *Id.*
6  Krypt alleges that Robinson and Ropaar worked in concert to misappropriate Krypt's Confidential
7  Information, to their own financial advantage, and in order to unfairly compete with Krypt and steal
8  Krypt's existing and potential clients. Dkt. 1, ¶¶55.

9      Krypt further alleges that Robinson's conduct is in breach of several valid and binding
10 contracts between Krypt and Robinson, including a Confidential Information and Invention
11 Assignment Agreement, pursuant to which Robinson agreed to hold confidential and not to disclose
12 Krypt's Confidential Information, and to return all such Confidential Information to Krypt at the end
13 of his employment. Robinson's conduct in accepting and beginning a job with Ropaar while he was
14 still employed with Krypt also violates the terms of Robinson's Offer Letter. Dkt. 1, ¶¶ 76-83.

15     *Defendant Ropaar's Statement*:

16     Krypt's statement overreaches the allegations in the Complaint. Krypt has not actually alleged
17 any misappropriation by Ropaar. Krypt has alleged that Clay Robinson copied its trade secrets, but
18 has never alleged that these were transmitted to, or received by, Ropaar. For all the inflammatory
19 language about conspiracies, Krypt has not alleged a conspiracy in its Complaint. Likewise, despite
20 the inflammatory categorization of "poaching," Krypt admits that there was nothing improper about
21 Ropaar hiring its former employees, and that Ropaar's hiring of former Krypt employees is not at
22 issue in this suit. (Pl.'s Opp'n to MTD at 4, fn. 3; Compl. ¶4.)  In short, Krypt has not asserted any
23 factual allegations against Ropaar that are related to any of its causes of action.

24     *Defendant Robinson's Statement*:

25     Clay Robinson worked as a Professional Services Consultant at Krypt from May 1, 2016
26 through February 12, 2019, assisting Krypt's clients with streamlining cross-border supply chain
27 processes. Ropaar is a Texas business that consults on global trade and transportation logistics for
28 large, institutional clients. In January 2019, Robinson accepted a position with Ropaar, and Robinson

3



1  began his employment with Ropaar on February 18, 2019. In this role, Robinson has assisted one of
2  Ropaar's clients with accelerating that client's cross-border supply chain process. Since the end of his
3  employment with Krypt, Robinson has not accessed, used, or disclosed any documents he obtained
4  from Krypt.

5        3.    **Legal Issues:**  At this time, the Parties dispute the following principal points of law:
6            a.  Whether this Court has personal jurisdiction over Ropaar (Dkt. 15);
7            b.  Whether Krypt has stated a claim of misappropriation of trade secrets against Robinson
8  (Dkt. 28);
9            c.  Whether Krypt has stated a claim of breach of contract against Robinson (Dkt. 28);

10        4.    **Motions:** There are currently two motions pending before this Court. Ropaar's Motion
11  to Dismiss pursuant to Rule 12(b)(2) (Dkt. #15) is scheduled to be heard on December 5, 2019, the
12  same day as the Initial Case Management Conference. Robinson's Motion to Dismiss pursuant to Rule
13  12(b)(6) (Dkt. #28) is scheduled to be heard on January 23, 2020.

14      Given that counsel for all parties intend to appear at the December 5, 2019 motion hearing (*see*
15  Dkt. #33), and in light of the overlapping facts involved in the Defendants' respective Motions and the
16  opposition briefs, the parties are amenable to the hearing of Robinson's Motion to Dismiss on
17  December 5, 2019, along with the other motion hearing and Case Management Conference, should
18  that be convenient for the Court.

19      The Parties also anticipate possible discovery motions and/or motions for summary judgment,
20  as necessary and warranted.

21        5.    **Amendment of Pleadings:**   Should the Court grant either of the pending Motions
22  with leave to amend, Krypt intends to file a First Amended Complaint to allege additional facts
23  discovered since the filing of the Complaint, which support Krypt's existing claims. Krypt may also
24  seek leave to amend the Complaint to allege additional claims based on facts discovered since the
25  filing of the Complaint, including claims for interference with business relations and/or prospective
26  business advantage, against one or both Defendants.

27      While neither Defendant has filed a pleading yet, they reserve their right to amend their
28  pleadings (if and when those pleadings are filed) as new facts, defenses, counter-claims, or legal



theories arise.

6. **Evidence Preservation:** The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Store Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures:** The Parties have agreed to serve their initial disclosures within fourteen (14) days after this Court issues orders addressing the Ropaar's Motion to Dismiss (Dkt. #15).

8. **Discovery:** The Parties have not conducted discovery and have not identified any discovery disputes, to date. The Parties have discussed entering into a stipulated confidentiality protective order similar to this Court's Model Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

Ropaar intends to object to the initial disclosure as inappropriate until the dispositive motions are resolved and will state the objection in the proposed discovery plan.

The scope of anticipated discovery includes:

Plaintiff's Statement:

- correspondence between and among the Defendants regarding Krypt and/or Krypt's Confidential Information;
- forensic analysis on Robinson's computers and electronic devices regarding Krypt's Confidential Information, including how it was acquired;
- forensic analysis on Ropaars' computer systems regarding Krypt's Confidential Information, including how it was acquired;
- information concerning Robinson's and/or Ropaar's use of Krypt's Confidential Information;
- information regarding Robinson's recruitment and hiring by Ropaar;
- information concerning the damages sustained by Krypt.

Defendants' Statement:

- The identification of Plaintiff's alleged trade secrets;
- The methods used by Plaintiff to safeguard its alleged trade secrets;

- Plaintiff's disclosure of Plaintiff's alleged trade secrets to third parties;
- Plaintiff's evidence that Robinson misappropriated Plaintiff's alleged trade secrets;
- Plaintiff's evidence that Ropaar misappropriated Plaintiff's alleged trade secrets;
- Plaintiff's alleged damages arising from Defendants' alleged misappropriation of Plaintiff's trade secrets;
- Plaintiff's alleged damages arising from Robinson's alleged breaches of contract.

The Parties have considered entering into a stipulated e-discovery order, and agree that such an order is premature at this time, given the anticipated relatively small volume of ESI relevant to this case. The Parties will confer regarding ESI issues as they arise, and further agree that electronically stored information will be produced in a searchable .pdf or .tif format, with the requesting party retaining the option to demand production of native files/metadata, upon review of the production.

At this time, the Parties do not believe any modification to the limitations on discovery imposed by Federal Rules of Civil Procedure and Local Rules is necessary or desirable. However, the Parties have agreed, and hereby stipulate, that a) no party may request billing records for attorney time incurred in representing the other party, unless and until attorneys' fees are sought in this case; and b) counsel's communications with retained, testifying experts shall not be discoverable.

The Parties have discussed a discovery plan for this case and propose it in paragraph 17, Scheduling, below.

9. **Class Action:** This is not a class action.

10. **Related Cases:** The Parties are not aware of any related cases.

11. **Relief:** Plaintiff seeks all remedies available under the Defend Trade Secrets Act, 18 U.S.C. §1836 *et seq.*, the California Uniform Trade Secret Act, Cal. Civ. Code §3426, *et seq.*, common law breach of contract, and other applicable law, including, but not limited to, compensatory damages and interest in an amount to be proven at trial; punitive and exemplary damages as warranted under the cited statutes; an accounting from each Defendant of all moneys and other benefits received from the misappropriation of Krypt's property; a constructive trust to be imposed upon any asset of Defendant(s) that are, in whole or in part, the fruits of the money or other benefits received by Defendants(s) as a result of trade secret misappropriation; attorneys' fees and costs and prejudgment

interest. Generally, damages for trade secret misappropriation claims are calculated either as actual loss plus any non-duplicative unjust enrichment, or by imposition of a reasonable royalty. Breach of contract damages will be calculated based on the contractual liquidated damages provision, in addition to any damages for actual loss.

Robinson seeks dismissal of this action and an award of his costs and attorney's fees under 18 U.S.C. §1836, Cal. Civ. Code §3426, and pursuant to contract.

Ropaar seeks dismissal of this action and an award of its costs and attorney's fees under 18 U.S.C. §1836 and Cal. Civ. Code §3426.

12. **Settlement and ADR:**   The Parties have filed ADR certifications pursuant to ADR L.R. 3-5. Dkt. 18, 23, 32. It is Krypt's position that discovery is required to enable meaningful settlement discussions, and to that end, intends to issue discovery promptly.

Defendants are amenable to private mediation, Court-ordered mediation, or a settlement conference after the disposition of the motions to dismiss and when Krypt believes such a method would be productive.

13. **Consent to Magistrate Judge for All Purposes:**   Following Robinson's Declination to Magistrate Judge Jurisdiction (Dkt. 19), this case was reassigned to Judge Beth Labson Freeman. Dkt. #21.

14. **Other References:**   At this time, the Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:**  The Parties have not agreed to the narrowing of any issues at this time.

16. **Expedited Trial Procedure:**  The Parties do not agree to expedited trial procedure at this time.

17. **Scheduling:**   The Parties have agreed to the following case schedule:

| Event | Date |
| --- | --- |
| Close of Fact Discovery | December 1, 2020 |
| Disclosure of Experts under Rule 26(a)(2) | December 17, 2020 |



| | |
|---|---|
| Close of Expert Discovery | February 4, 2021 |
| Deadline to File Dispositive Motions | March 1, 2021 |
| Pretrial Conference | Approximately three weeks after the disposition of summary judgment motions |
| Jury Trial | Approximately four weeks after the disposition of summary judgment motions |

18. **Trial:** Plaintiffs request a trial by jury. At this time, the Parties estimate a trial of 8 days.

19. **Disclosure of Non-party Interested Entities or Persons:** The parties have filed their Certificate of Interested Parties. Dkt. # 17, 29, 35.

20. **Professional Conduct:** The attorneys of record for the Parties confirm that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. **Other Matters:**     None at this time.


Dated: November 25, 2019                DHILLON LAW GROUP INC.


                                        By:   /s/ Krista Baughman
                                              Harmeet K. Dhillon
                                              Krista L. Baughman
                                              Michael R. Fleming
                                              Attorneys for Plaintiff Krypt Inc.


Dated: November 25, 2019                KRONENBERGER ROSENFELD, LLP


                                        By:  /s/ Jeffrey Rosenfeld
                                             Karl S. Kronenberger
                                             Jeffrey M. Rosenfeld
                                             Attorneys for Defendants Ropaar LLC and Clay Robinson



Dated: November 25, 2019                    KLEMCHUK LLP

By: /s/ Brian Casper
    Darin M. Klemchuk
    Brian Casper
    Mandi Phillips
    Attorneys for Defendant Ropaar LLC



**ATTESTATION PER L.R. 5-1**

I, Krista L. Baughman, hereby attest, pursuant to Local Rule 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto:

Dated: November 25, 2019    By: /s/ Krista Baughman
                                Krista L. Baughman (SBN: 264600)

