**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Defendants
Clay Robinson and Ropaar LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| **KRYPT, INC.**, a California corporation, | Case No. 5:19-cv-03226-BLF |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |
| **ROPAAR LLC**, a Texas limited liability corporation, and **CLAY ROBINSON**, an individual, | |
| Defendants. | Re: Dkt. No. 47 |
| | MODIFIED BY THE COURT |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties further acknowledge and agree that a party's designation of material under this Stipulated Protective Order does not serve as an admission or other evidence that the material is a trade secret, as that term is defined in 18 U.S.C. §1839(3) or California Civil Code section 3426.1(d), or that the material is "Confidential Information," as that term is defined in the Krypt, Inc. Confidential Information and Invention and Assignment Agreement or any other contract allegedly at issue in this action.

To assist the Court in reviewing this Stipulated Protective Order, the parties have attached a redline comparing this Stipulated Protective Order to the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets as Exhibit B.

2. **DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under

1   Federal Rule of Civil Procedure 26(c).

2        2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel
3   (as well as their support staff).

4        2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY
5   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

6        2.5     Designating Party: a Party or Non-Party that designates information or
7   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL"
8   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9        2.6     Disclosure or Discovery Material: all items or information, regardless of the
10  medium or manner in which it is generated, stored, or maintained (including, among
11  other things, testimony, transcripts, and tangible things), that are produced or generated
12  in disclosures or responses to discovery in this matter.

13       2.7     Expert: a person with specialized knowledge or experience in a matter
14  pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as
15  an expert witness or as a consultant in this action, (2) is not a past or current employee
16  of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to
17  become an employee of a Party or of a Party's competitor.

18       2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or
19  Items: extremely sensitive "Confidential Information or Items," disclosure of which to
20  another Party or Non-Party would create a substantial risk of serious harm that could not
21  be avoided by less restrictive means.

22       2.9     House Counsel: attorneys who are employees of a party to this action.
23  House Counsel does not include Outside Counsel of Record or any other outside
24  counsel.

25       2.10    Non-Party: any natural person, partnership, corporation, association, or
26  other legal entity not named as a Party to this action.

27       2.11    Outside Counsel of Record: attorneys who are not employees of a party to
28  this action but are retained to represent or advise a party to this action and have

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   Designating Party. Any use of Protected Material at trial shall be governed by a separate

2   agreement or order.

3   **4.   DURATION**

4   Even after final disposition of this litigation, the confidentiality obligations imposed

5   by this Order shall remain in effect until a Designating Party agrees otherwise in writing

6   or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

7   dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

8   judgment herein after the completion and exhaustion of all appeals, rehearings,

9   remands, trials, or reviews of this action, including the time limits for filing any motions

10  or applications for extension of time pursuant to applicable law.

11  **5.   DESIGNATING PROTECTED MATERIAL**

12  5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each

13  Party or Non-Party that designates information or items for protection under this Order

14  must take care to limit any such designation to specific material that qualifies under the

15  appropriate standards. To the extent it is practical to do so, the Designating Party must

16  designate for protection only those parts of material, documents, items, or oral or written

17  communications that qualify – so that other portions of the material, documents, items,

18  or communications for which protection is not warranted are not swept unjustifiably within

19  the ambit of this Order.

20  Mass, indiscriminate, or routinized designations are prohibited. Designations that

21  are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

22  to unnecessarily encumber or retard the case development process or to impose

23  unnecessary expenses and burdens on other parties) expose the Designating Party to

24  sanctions.

25  If it comes to a Designating Party's attention that information or items that it

26  designated for protection do not qualify for protection at all or do not qualify for the level

27  of protection initially asserted, that Designating Party must promptly notify all other

28  parties that it is withdrawing the mistaken designation.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the

1  deposition, hearing, or other proceeding, all protected testimony and specify the level of

2  protection being asserted. When it is impractical to identify separately each portion of

3  testimony that is entitled to protection and it appears that substantial portions of the

4  testimony may qualify for protection, the Designating Party may invoke on the record

5  (before the deposition, hearing, or other proceeding is concluded) a right to have up to

6  21 days to identify the specific portions of the testimony as to which protection is sought

7  and to specify the level of protection being asserted. Only those portions of the testimony

8  that are appropriately designated for protection within the 21 days shall be covered by

9  the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

10 specify, at the deposition or up to 21 days afterwards if that period is properly invoked,

11 that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

12 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13        Parties shall give the other parties notice if they reasonably expect a deposition,

14 hearing or other proceeding to include Protected Material so that the other parties can

15 ensure that only authorized individuals who have signed the "Acknowledgment and

16 Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a

17 document as an exhibit at a deposition shall not in any way affect its designation as

18 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

19        Transcripts containing Protected Material shall have an obvious legend on the title

20 page that the transcript contains Protected Material, and the title page shall be followed

21 by a list of all pages (including line numbers as appropriate) that have been designated

22 as Protected Material and the level of protection being asserted by the Designating Party.

23 The Designating Party shall inform the court reporter of these requirements. Any

24 transcript that is prepared before the expiration of a 21-day period for designation shall

25 be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL –

26 ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration

27 of that period, the transcript shall be treated only as actually designated.

28                    (c)    for information produced in some form other than documentary and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the

1   circumstances, and, if no change in designation is offered, to explain the basis for the

2   chosen designation. A Challenging Party may proceed to the next stage of the challenge

3   process only if it has engaged in this meet and confer process first or establishes that

4   the Designating Party is unwilling to participate in the meet and confer process in a timely

5   manner.

6         6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

7   intervention, ~~the Designating Party shall file and serve a motion to retain confidentiality~~ they shall comply with the discovery dispute procedure outlined in this Court's Standing Order for Civil Cases

8   ~~under Civil Local Rule 7~~ (and ~~in compliance~~ with Civil Local Rule 79-5, if applicable)

9   ~~within 21 days of the initial notice of challenge or within 14 days of the parties agreeing~~

10   ~~that the meet and confer process will not resolve their dispute, whichever is earlier. Each~~

11   ~~such motion must be accompanied by a competent declaration affirming that the movant~~

12   ~~has complied with the meet and confer requirements imposed in the preceding~~ parties to seek court intervention within the period set out in this Court's

13   ~~paragraph~~. Failure by the ~~Designating Party to make such a motion including the required~~ Standing Order for Civil Cases

14   ~~declaration within 21 days (or 14 days, if applicable)~~ shall automatically waive the

15   confidentiality designation for each challenged designation. In addition, the Challenging

16   Party may ~~file a motion challenging~~ seek relief with respect to a confidentiality designation at any time if there is

17   good cause for doing so, including a challenge to the designation of a deposition

18   transcript or any portions thereof. ~~Any motion brought pursuant to this provision must be~~ In any discovery letter brief filed pursuant to this provision,

19   ~~accompanied by a competent declaration affirming that the movant has~~ the parties shall attest that they have complied with

20   the meet and confer requirements imposed by the preceding paragraph~~.~~ and the Standing Order for Civil Cases.

21         The burden of persuasion in any such challenge proceeding shall be on the

22   Designating Party. Frivolous challenges and those made for an improper purpose (e.g.,

23   to harass or impose unnecessary expenses and burdens on other parties) may expose

24   the Challenging Party to sanctions. Unless the Designating Party has waived the

25   confidentiality designation by failing to ~~file a motion to retain confidentiality~~ seek court intervention as described

26   above, all parties shall continue to afford the material in question the level of protection

27   to which it is entitled under the Producing Party's designation until the court rules on the

28   challenge.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.</u>

(a)(1)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert (as defined in this Order) without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one. If an Expert is a current officer, director, or employee of a competitor of a Party, or anticipated to become one, and unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to that Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  identifies the Expert's current employer(s), (5) identifies each person or entity from whom

2  the Expert has received compensation or funding for work in his or her areas of expertise

3  or to whom the expert has provided professional services, including in connection with a

4  litigation, at any time during the preceding five years, and (6) identifies (by name and

5  number of the case, filing date, and location of court) any litigation in connection with

6  which the Expert has offered expert testimony, including through a declaration, report,

7  or testimony at a deposition or trial, during the preceding five years.

8  (b)   A Party that makes a request and provides the information specified

9  in the preceding respective paragraphs may disclose the subject Protected Material to

10  the identified Designated House Counsel or Expert unless, within 14 days of delivering

11  the request, the Party receives a written objection from the Designating Party. Any such

12  objection must set forth in detail the grounds on which it is based.

13  (c)   A Party that receives a timely written objection must meet and

14  confer with the Designating Party (through direct voice to voice dialogue) to try to resolve

15  the matter by agreement within seven days of the written objection. If no agreement is

   parties shall comply with the discovery dispute procedure outlined in this Court's

16  reached, the ~~Party seeking to make the disclosure to Designated House Counsel or the~~

   Standing Order for Civil Cases

17  ~~Expert may file a motion as provided in Civil Local Rule 7 (~~and ~~in compliance~~ with Civil

18  Local Rule 79-5, if applicable) ~~seeking permission from the court to do so~~. Any such

   discovery letter brief

19  ~~motion~~ must describe the circumstances with specificity, set forth in detail the reasons

20  why the disclosure to Designated House Counsel or the Expert is reasonably necessary,

21  assess the risk of harm that the disclosure would entail, and suggest any additional

   any such discovery letter brief

22  means that could be used to reduce that risk. In addition, ~~any such motion must be~~

   shall describe

23  ~~accompanied by a competent declaration describing~~ the parties' efforts to resolve the

24  matter by agreement (i.e., the extent and the content of the meet and confer discussions)

25  and ~~setting~~ forth the reasons advanced by the Designating Party for its refusal to approve

26  the disclosure.

27  In any such proceeding, the Party opposing disclosure to Designated House

28  Counsel or the Expert shall bear the burden of proving that the risk of harm that the

1  disclosure would entail (under the safeguards proposed) outweighs the Receiving
2  Party's need to disclose the Protected Material to its Designated House Counsel or
3  Expert.

4  **8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**
5  **OTHER LITIGATION**

6  If a Party is served with a subpoena or a court order issued in other litigation that
7  compels disclosure of any information or items designated in this action as
8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that
9  Party must:

10  (a)   promptly notify in writing the Designating Party. Such notification
11  shall include a copy of the subpoena or court order;

12  (b)   promptly notify in writing the party who caused the subpoena or
13  order to issue in the other litigation that some or all of the material covered by the
14  subpoena or order is subject to this Protective Order. Such notification shall include a
15  copy of this Stipulated Protective Order; and

16  (c)   cooperate with respect to all reasonable procedures sought to be
17  pursued by the Designating Party whose Protected Material may be affected.

18  If the Designating Party timely seeks a protective order, the Party served with the
19  subpoena or court order shall not produce any information designated in this action as
20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a
21  determination by the court from which the subpoena or order issued, unless the Party
22  has obtained the Designating Party's permission. The Designating Party shall bear the
23  burden and expense of seeking protection in that court of its confidential material – and
24  nothing in these provisions should be construed as authorizing or encouraging a
25  Receiving Party in this action to disobey a lawful directive from another court.

26  **9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**
27  **THIS LITIGATION**

28  (a)   The terms of this Order are applicable to information produced by a

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

2   CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-

3   Parties in connection with this litigation is protected by the remedies and relief provided

4   by this Order. Nothing in these provisions should be construed as prohibiting a Non-

5   Party from seeking additional protections.

6        (b)    In the event that a Party is required, by a valid discovery request, to

7   produce a Non-Party's confidential information in its possession, and the Party is subject

8   to an agreement with the Non-Party not to produce the Non-Party's confidential

9   information, then the Party shall:

10        1.    promptly notify in writing the Requesting Party and the Non-

11   Party that some or all of the information requested is subject to a confidentiality

12   agreement with a Non-Party;

13        2.    promptly provide the Non-Party with a copy of the Stipulated

14   Protective Order in this litigation, the relevant discovery request(s), and a reasonably

15   specific description of the information requested; and

16        3.    make the information requested available for inspection by

17   the Non-Party.

18        (c)    If the Non-Party fails to object or seek a protective order from this

19   court within 14 days of receiving the notice and accompanying information, the Receiving

20   Party may produce the Non-Party's confidential information responsive to the discovery

21   request. If the Non-Party timely seeks a protective order, the Receiving Party shall not

22   produce any information in its possession or control that is subject to the confidentiality

23   agreement with the Non-Party before a determination by the court. Absent a court order

24   to the contrary, the Non-Party shall bear the burden and expense of seeking protection

25   in this court of its Protected Material.

26   **10.**    **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

27       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

28   Protected Material to any person or in any circumstance not authorized under this

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    MISCELLANEOUS**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks

to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

**13.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

//

//

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1           Any such archival copies that contain or constitute Protected Material remain

2    subject to this Protective Order as set forth in Section 4 (DURATION).

3           IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4       s/ Krista L. Baughman               s/ Jeffrey M. Rosenfeld

5    Harmeet K. Dhillon                  Karl S. Kronenberger
     Krista L. Baughman                 Jeffrey M. Rosenfeld

6    Michael R. Fleming                  KRONENBERGER ROSENFELD, LLP
     DHILLON LAW GROUP INC.        150 Post St., Suite 520

7    177 Post Street, Suite 700        San Francisco, CA 94108
     San Francisco, CA 94108         karl@KRInternetLaw.com

8    harmeet@dhillonlaw.com         jeff@KRInternetLaw.com

9    kbaughman@dhillonlaw.com       Tel.: (415) 955-1155
     mfleming@dhillonlaw.com

10   Tel.: (415) 433-1700                Counsel for Defendants Ropaar LLC and
                                      Clay Robinson

11   Counsel for Plaintiff Krypt, Inc.

12      s/ Brian Casper

13   Darin M. Klemchuk (*pro hac vice*)
     Brian Casper (*pro hac vice*)

14   Mandi Phillips (*pro hac vice*)
     KLEMCHUK LLP

15   8150 N. Central Expressway, 10th Floor
     Dallas, TX  75206

16   darin.klemchuk@klemchuk.com

17   brian.casper@klemchuk.com
     mandi.phillips@klemchuk.com

18   Tel: (214) 367-6000

19   Counsel for Defendant Ropaar LLC

20                 AS MODIFIED BY THE COURT,

21   PURSUANT TO STIPULATION, IT IS SO ORDERED.

22

23   DATED: _____    *Virginia K. DeMarchi*
              February 3, 2020

24                        ~~The Honorable Beth Labson Freeman~~

25                        ~~United States District Court Judge~~

26                        Virginia K. DeMarchi

27                        United States Magistrate Judge

28

Case No. 5:19-cv-03226-BLF       17       **STIPULATED PROTECTIVE ORDER**

Exhibit A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Northern District of California on

_____ [date] in the case of *Krypt, Inc. v. Ropaar LLC, et al.*, Case No. 5:19-cv-

03226-BLF. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108