UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRYPT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ROPAAR LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-03226-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE KRYPT'S REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 24-25 AND INTERROGATORIES NOS. 1-3**<br><br>Re: Dkt. No. 69 |

Plaintiff Krypt, Inc. ("Krypt") seeks an order compelling defendant Ropaar, LLC ("Ropaar") to identify each person Ropaar has employed or offered to employ from January 1, 2012 to the present. Dkt. No. 69. Ropaar argues that this information is not relevant to any claim or defense. *Id.* The Court has considered the parties' joint discovery dispute letter and has received two additional exhibits Ropaar asked for leave to submit.[1] The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons set forth below, the Court concludes that the discovery Krypt seeks is not relevant to any claim or defense.

---

[1] On September 25, 2020, the Court permitted Ropaar to file Exhibits 3 and 4. Dkt. No. 72. Exhibit 3 includes a description of the alleged trade secrets Krypt contends Mr. Robinson and Ropaar misappropriated, and Exhibit 4 includes the documents Krypt says disclose the claimed trade secrets described in Exhibit 3. The Court does not rely on these exhibits to decide this dispute.

## I. BACKGROUND

Krypt and Ropaar provide SAP[2] implementation and consulting services. Dkt. No. 55 ¶¶ 2, 3. Defendant Clay Robinson worked at Krypt from May 1, 2016 to February 12, 2019 as a Professional Services Consultant. *Id.* ¶ 35. Shortly after leaving Krypt, he began working at Ropaar. *Id.* ¶ 53. In this action, Krypt accuses Ropaar of conspiring with Mr. Robinson to misappropriate Krypt's trade secrets in violation of the federal Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq.* and the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 *et seq*. *Id.* ¶¶ 76-96. Krypt also asserts a breach of contract claim against Mr. Robinson, but that claim is not relevant to this dispute.

The parties dispute whether Ropaar should be required to provide discovery responsive to the following Krypt discovery requests:

> Request for Production No. 24: Documents sufficient to identify each of your employees from January 1, 2012 to present.
>
> Request for Production No. 25: Documents sufficient to identify the dates of employment for each of your employees from January 1, 2012 to present.
>
> Interrogatory No. 1: Identify each individual you have employed from January 1, 2012 to present.
>
> Interrogatory No. 2: For each individual you have employed from January 1, 2012 to present, list their dates of employment.
>
> Interrogatory No. 3: Identify each individual to whom you have extended an offer of employment from January 1, 2012 to present.

Dkt. No. 69-1 at 7-8; Dkt. No. 69-2 at 1-2.

## II. LEGAL STANDARD

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

---

[2] The Court understands "SAP" to refer to SAP SE, a German multinational company that provides software for managing business processes.

expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**III.   DISCUSSION**

Krypt asks Ropaar to produce information identifying all of Ropaar's employees and prospective employees to whom it made offers of employment dating back to January 1, 2012. Krypt says this discovery is relevant to its trade secret misappropriation claims for two reasons. First, Krypt argues that if Ropaar has "excessively" or "exclusively" targeted high-level Krypt employees, rather than recruiting from other industry candidates, such evidence will "tend to make it more probable that Ropaar hired away Robinson with the intent of conspiring to misappropriate trade secrets." Dkt. No. 69 at 2. Second, Krypt argues that this same evidence will support its contention that Krypt and Ropaar are direct competitors. *Id.*

Ropaar responds that whether it has historically targeted Krypt employees for recruitment is not relevant to any claim or defense. Ropaar argues that Krypt's trade secrets misappropriation claim is based on allegations concerning Mr. Robinson's conduct and Ropaar's recruitment of him and does not include any references to misappropriation via other former Krypt employees. *Id.* at 5. Ropaar does not address Krypt's argument that Ropaar's recruitment behavior is relevant to the question of whether the parties are direct competitors.

Krypt's first argument depends on a questionable premise—*i.e.*, that Ropaar's disproportionate recruiting of Krypt's high-level employees suggests an intent to misappropriate Krypt's trade secrets generally, which in turn suggests Ropaar specifically intended to misappropriate the trade secrets at issue in this case by recruiting Mr. Robinson. At least in California, it is not improper for a company to recruit its competitor's employees. *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1337 (9th Cir. 1980) ("Mere solicitation of an employee, under no contract of employment, to leave and associate with a competing firm is not illegal."); *see also Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 945-46 (2008) (describing California policy of open competition and employee mobility). So, even if Krypt obtained evidence that Ropaar recruited or attempted to recruit principally from Krypt, such evidence would not inherently suggest any misconduct by Ropaar, let alone intentional misconduct specific to Ropaar's recruitment of Mr. Robinson.

3

Of course, it is improper for a company like Ropaar to mine its competitor's employees for confidential information those employees are bound not to disclose. But Krypt's operative complaint alleges only that since May 2015, Ropaar has hired away one "senior consultant" and three "other" employees from Krypt in addition to Mr. Robinson. Dkt. No. 55 ¶¶ 32-33. The complaint does not allege that any of these former Krypt employees (with the exception of Mr. Robinson) misused Krypt confidential information or trade secrets or disclosed them to Ropaar. Krypt points to its assertion that Ropaar "launched a campaign to poach Krypt's employees" to obtain access to Krypt's confidential information. *See id.* ¶ 31. But Krypt's *belief* that Ropaar has engaged in such a campaign, whether quoted in the presiding judge's order or not, need not be accepted as an assertion of fact. Krypt's trade secret misappropriation claims are limited to Ropaar's and Mr. Robinson's conduct with respect to Mr. Robinson's recruitment and employment. *See id.* ¶¶ 76-96. In these circumstances, there is no reasonable justification for the discovery Krypt seeks of Ropaar.

The Court also considers whether Krypt's discovery requests are relevant to its assertion that Krypt and Ropaar are competitors. Krypt does not explain why it wishes to establish that the parties are competitors, but the Court assumes Krypt hopes to show that its trade secrets derive independent economic value from not being generally known, and not being readily ascertainable through proper means by, a competitor positioned to obtain economic value from the disclosure or use of such information. *See* 18 U.S.C. § 1839(3) (defining "trade secret"); Cal. Civ. Code § 3426.1(d)(1) (defining "trade secret"). The Court is skeptical of Krypt's implicit suggestion that only direct competitors recruit from one another, such that Ropaar's recruiting behavior is evidence of the nature of the parties' competitive relationship. *See* Dkt. No. 69 at 2. The Court expects that there is far more compelling evidence on this point, such as whether Ropaar offers services similar to Krypt's or whether the parties compete for business from the same customers or categories of customers. In any event, Krypt has failed to demonstrate that discovery of the identities of Krypt's employees and prospective employees for the past eight years will yield any evidence relevant to this issue.

## IV. CONCLUSION

Krypt's request for an order compelling Ropaar's responses to Requests for Production Nos. 24 and 25 and Interrogatories Nos. 1-3 is denied.

**IT IS SO ORDERED.**

Dated: October 14, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge