UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRYPT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ROPAAR LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-03226-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE KRYPT'S REQUESTS FOR PRODUCTION OF DOCUMENTS RE SMITHFIELD FOODS**<br><br>Re: Dkt. No. 70 |

Plaintiff Krypt, Inc. ("Krypt") and defendants Ropaar, LLC ("Ropaar") and Clay Robinson dispute whether defendants should be required to produce their communications with and about non-party Smithfield Foods. Dkt. No. 70. The Court has considered the parties' joint discovery dispute letter and two additional exhibits Ropaar asked for leave to submit.[1] The Court finds this dispute suitable for resolution without oral argument. Civ. L.R. 7-1(b).

For the reasons set forth below, the Court orders defendants to produce responsive documents dating from November 1, 2018 through February 17, 2019. The Court orders further proceedings with respect to responsive documents dating after February 17, 2019, as set forth below.

**I. BACKGROUND**

Krypt and Ropaar provide SAP[2] implementation and consulting services. Dkt. No. 55

---

[1] On September 25, 2020, the Court permitted Ropaar to file Exhibits 3 and 4. Dkt. No. 72. Exhibit 3 includes a description of the alleged trade secrets Krypt contends Mr. Robinson and Ropaar misappropriated, and Exhibit 4 includes the documents Krypt says disclose the alleged trade secrets described in Exhibit 3.

[2] The Court understands "SAP" to refer to SAP SE, a German multinational company that

¶¶ 2, 3.  Clay Robinson worked at Krypt from May 1, 2016 to February 12, 2019 as a Professional Services Consultant.  *Id.* ¶ 35.  In late January 2019, Mr. Robinson notified Krypt of his resignation from the company and his intent to begin working for Smithfield Foods, a meat-packing company.  *Id.* ¶ 47.  However, instead of joining Smithfield Foods as an employee, Mr. Robinson began working for Ropaar shortly after leaving Krypt, and now apparently provides consulting services to Smithfield Foods.  *Id.* ¶ 53; Dkt. No. 70 at 8.

In this action, Krypt accuses Ropaar and Mr. Robinson of conspiring to misappropriate Krypt's trade secrets in violation of the federal Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq.* and the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 *et seq*.  Dkt. No. 55 ¶¶ 76-96.  Krypt also asserts a separate breach of contract claim against Mr. Robinson only, asserting that he used, disclosed, and otherwise mishandled Krypt's confidential information and trade secrets, contrary to the terms of his contracts with Krypt.  *Id.* ¶¶ 97-108.

Krypt asks for the following document discovery from Ropaar:

> Request for Production No. 17:  All communications between you and Robinson that refer to or concern Smithfield Foods, from November 1, 2018 through present.
>
> Request for Production No. 18:  All communications between Clay Robinson and Smithfield Foods from November 1, 2018 through present.
>
> Request for Production No. 19:  All communications between you and Smithfield Foods from November 1, 2018 through present.

Dkt. No. 70-2 at 5-6.  Krypt asks for similar document discovery from Mr. Robinson:

> Request for Production No. 17:  All communications between you and Ropaar that refer to or concern Smithfield Foods, from November 1, 2018 through present.
>
> Request for Production No. 18:  All communications between you and Smithfield Foods from November 1, 2018 through present.

Dkt. No. 70-1 at 8.

---

provides software for managing business processes.

2

**II.    LEGAL STANDARD**

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**III.    DISCUSSION**

Krypt argues that the discovery it seeks is relevant to its trade secret misappropriation claims against Ropaar and Mr. Robinson and to its breach of contract claim against Mr. Robinson. Dkt. No. 70 at 2. Ropaar objects that the discovery is not relevant to a claim or defense because none of Krypt's alleged trade secrets involves consulting for Smithfield Foods. *Id.* at 5-6. Mr. Robinson objects that the discovery seeks non-Krypt confidential and proprietary information and that Krypt's requests are overbroad. *Id.* at 6-8.

The Court disagrees with Ropaar that "this case does not involve Smithfield Foods." *Id.* at 6. Krypt's forensic analysis of Mr. Robinson's Krypt-issued computer reflects that while he was still employed by Krypt, Mr. Robinson was working on behalf of Ropaar with respect to an engagement for Smithfield Foods. Dkt. No. 55 ¶ 57. In addition, the forensic analysis shows that contemporaneous with his efforts to engage with Smithfield Foods, Mr. Robinson accessed and copied a number of documents containing information Krypt says includes its trade secrets and confidential information. *Id*. The Court finds Krypt has shown that defendants' communications with and about Smithfield Foods are likely to contain at least some information relevant to Krypt's trade secret misappropriation and breach of contract claims.

At a minimum, defendants' communications with and about Smithfield Foods prior to Mr. Robinson's employment with Ropaar are relevant to Krypt's breach of contract claim against Mr. Robinson. These communications are relevant to Krypt's allegation that Mr. Robinson breached the terms of his offer letter by accepting and beginning employment with Ropaar while still employed with Krypt. *See* Dkt. No. 55 ¶ 103. Accordingly, Ropaar and Mr. Robinson must at least produce their responsive communications dating from November 1, 2018 through February

3

17, 2019.

Krypt's demand for all communications from February 18, 2019 forward presents a more difficult question. On the one hand, the Court is not persuaded that neither Mr. Robinson nor Ropaar could have used or disclosed the contents of the confidential or trade secret material Mr. Robinson had recently copied from Krypt simply because Smithfield Foods was already a Ropaar client prior to Mr. Robinson's involvement. In fact, Krypt's argument for this discovery is even more compelling if, as defendants contend, Smithfield Foods is the *only* Ropaar client for whom Mr. Robinson has worked since joining Ropaar. At the same time, the Court credits defendants' objection that requiring disclosure of all communications with and about Smithfield Foods for a two-year period of time is likely to require the collection, review, and production of virtually all of Mr. Robinson's work-related email and a large volume of communications that are not reasonably related to Krypt's trade secret misappropriation or breach of contract claims.

The Court does not have enough information to decide whether Krypt's request for defendants' post-February 17, 2029 communications imposes an undue burden and expense on Ropaar or Mr. Robinson that is not proportional to the needs of the case and whether the scope of their production can be narrowed. Accordingly, the Court orders the following further proceedings:

1. The parties must confer further regarding possible limitations on the scope of defendants' production obligations, including the application of search terms and additional date restrictions.

2. If, after conferring, the parties cannot agree on appropriate limitations, then they must jointly file a report with the Court with their respective proposals. If defendants contend that Krypt's proposal is too burdensome, they must submit a competent declaration in support of that contention.

As for Mr. Robinson's objections that certain responsive communications are confidential or proprietary, it is not clear why those objections are not addressed by the protective order in this case. Defendants may designate responsive documents as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" under the protective order to protect confidential materials from improper

4

disclosure.  *See* Dkt. No. 51.

## IV.     CONCLUSION

For the reasons explained above, defendants shall promptly produce responsive communications dating from November 1, 2018 through February 17, 2019.  Within **10 days** from the date of this order the parties shall confer regarding possible limitations on the scope of defendants' production obligations for communications dating from February 18, 2019 forward, and if they cannot reach agreement, they must jointly file a report with their respective proposals (and defendants' supporting declaration, if applicable) no later than **October 29, 2020.**

**IT IS SO ORDERED.**

Dated: October 15, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge