UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRYPT, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROPAAR LLC, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-03226-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE KRYPT'S REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 7 AND 8**<br><br>Re: Dkt. No. 71 |

Plaintiff Krypt, Inc. ("Krypt") and defendant Ropaar, LLC ("Ropaar") dispute whether Ropaar should be required to produce all communications with Mr. Robinson and third parties that refer to or concern Krypt. Dkt. No. 71. The Court has considered the parties' joint discovery dispute letter and two additional exhibits Ropaar asked for leave to submit.[1] The Court finds this dispute suitable for resolution without oral argument. Civ. L.R. 7-1(b).

For the reasons set forth below, the Court orders Ropaar to produce responsive documents dating from May 1, 2016 to the present.

**I.　BACKGROUND**

Krypt and Ropaar provide SAP[2] implementation and consulting services. Dkt. No. 55 ¶¶ 2, 3. Clay Robinson worked at Krypt from May 1, 2016 to February 12, 2019 as a Professional

---

[1] On September 25, 2020, the Court permitted Ropaar to file Exhibits 3 and 4. Dkt. No. 72. Exhibit 3 includes a description of the alleged trade secrets Krypt contends Mr. Robinson and Ropaar misappropriated, and Exhibit 4 includes the documents Krypt says disclose the alleged trade secrets described in Exhibit 3.

[2] The Court understands "SAP" to refer to SAP SE, a German multinational company that provides software for managing business processes.

Services Consultant. *Id.* ¶ 35. In late January 2019, Mr. Robinson notified Krypt of his resignation from the company and his intent to begin working for Smithfield Foods, a meat-packing company. *Id.* ¶ 47. However, instead of joining Smithfield Foods as an employee, Mr. Robinson began working for Ropaar shortly after leaving Krypt. *Id.* ¶ 53.

In this action, Krypt accuses Ropaar of conspiring with Mr. Robinson to misappropriate Krypt's trade secrets in violation of the federal Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq.* and the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 *et seq*. *Id.* ¶¶ 76-96. Krypt also asserts a separate breach of contract claim against Mr. Robinson only, asserting that he used, disclosed, and otherwise mishandled Krypt's confidential information and trade secrets, contrary to the terms of his contracts with Krypt. *Id.* ¶¶ 97-108.

Krypt asks for the following document discovery from Ropaar[3]:

> <u>Request for Production No. 7</u>:  All communications between you and Robinson that refer to or concern Krypt, from January 1, [2012] to present.
>
> <u>Request for Production No. 8</u>:  All communications between you and any third party(ies) that refer to or concern Krypt, from January 1, [2012] to present.

Dkt. No. 71-1 at 3.

## II. LEGAL STANDARD

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

Krypt argues that the discovery it seeks is relevant to its trade secret misappropriation claims against Ropaar. Dkt. No. 71 at 2. Krypt alleges that Ropaar and Mr. Robinson conspired

---

[3] Krypt states that is has limited these two document requests to the period "from January 1, 2012 to present," instead of "from January 1, 2008 to present." Dkt. No. 71 at 2.

to misappropriate Krypt's alleged trade secrets, including during the time that Mr. Robinson was employed by Krypt, and that Ropaar's communications with others about Krypt are likely to reflect Ropaar's use of improper means to obtain Krypt's alleged trade secrets, as well as its use or disclosure of those alleged trade secrets. *Id.* In addition, Krypt argues Ropaar's references to Krypt in communications with others will reflect the nature of Krypt's and Ropaar's competition. *Id.* at 3. Ropaar does not object to the production of responsive documents for the period from January 1, 2018 to the present. However, Ropaar does object that documents dated earlier are not relevant to Krypt's trade secret misappropriation claims against Ropaar. *Id.* at 4-5; Dkt. No. 71-1 at 3.

The Court agrees that Ropaar's communications with Mr. Robinson and others about Krypt likely contain relevant evidence about whether Ropaar used improper means to obtain Krypt's alleged trade secrets by conspiring with Mr. Robinson and that they also are likely to contain relevant evidence about the nature and extent of Ropaar's competition with Krypt.[4] Krypt's forensic analysis of Mr. Robinson's Krypt-issued computer reflects that while he was still employed by Krypt, Mr. Robinson was already working on behalf of Ropaar. Dkt. No. 55 ¶ 57. In addition, the forensic analysis shows that contemporaneous with his efforts on behalf of Ropaar, Mr. Robinson accessed and copied a number of documents containing information Krypt says includes its trade secrets and confidential information. *Id*.

The parties dispute whether Ropaar should be required to produce responsive documents dated before January 1, 2018, and if so, whether it should be required to produce documents dated back to January 1, 2012, the year Ropaar was formed. Krypt believes that Ropaar has been trying to obtain Krypt's alleged trade secrets and confidential information since Ropaar's inception. But this belief is supported only by allegations that Ropaar was formed to compete directly with Krypt and that Ropaar has attempted to recruit Krypt's employees. It is not improper for one company to form a business to compete directly with another, nor is it improper for a company to recruit its competitor's employees. *See* Dkt. No. 77 at 3 (discussing authority). Krypt's operative complaint

---

[4] In a prior order, the Court noted that whether Ropaar and Krypt are direct competitors is relevant to Krypt's trade secret misappropriation claims. *See* Dkt. No. 77 at 4.

alleges only that since May 2015, Ropaar has hired away one "senior consultant" and three "other" employees from Krypt in addition to Mr. Robinson. Dkt. No. 55 ¶¶ 32-33. It does not allege that any of these former Krypt employees misused Krypt confidential information or trade secrets or disclosed them to Ropaar. Rather, Krypt's allegations describe only misconduct by Ropaar and Mr. Robinson. In these circumstances, there is no justification for Krypt's demand for responsive documents that pre-date Mr. Robinson's employment with Krypt, commencing on May 1, 2016.

## IV. CONCLUSION

The Court orders Ropaar to produce documents responsive to Requests for Production Nos. 7 and 8 limited to documents from May 1, 2016 to the present.

**IT IS SO ORDERED.**

Dated: October 15, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge